No. 12,056.

ST. CHARLES STREET RAILROAD COMPANY VS. O. A. FAIREX.

The interest of an heir in the immovables of a succession, as soon as he accepts it, is subject to the right of a creditor whose claim is secured by judicial mortgage, subject to the right of priority of the creditors of the succession. 21 An. 255; 3 An. 34, 36.

The heir having in a compromise fixed the value of the *residuum*, and rendered it impossible to settle the succession on the basis of the inventory and other proceedings subsequent, that value is adopted and payment according ordered.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Harry H. Hall* for Plaintiff, Appellee.

*Albert Voorhies* and *W. S. Benedict* for Defendant, Appellant.

Argued and submitted March 28, 1896.

Opinion handed down April 6, 1896.

Rehearing refused, reasons assigned, April 20, 1896.

The opinion of the court was delivered by

BREAUX, J.   This case was remanded.

On the second trial an amended petition was filed.   The amended petition was considered as traversed in the District Court under the terms of the agreement between plaintiff and defendant.   The plaintiff offered the evidence he had offered on the first trial.

The defendant offered the same evidence and copies of inventories.   Copies of sales and of accounts are of record on appeal, that were not in the transcript of appeal when the case was remanded.

There is a total absence of any oral testimony.

Evidently the judge of the District Court has given close attention to the issues.

He summarizes as follows the decision remanding the case:

1.   The plaintiff's recorded judgment against Mrs. J. B. Schiller, the forced heir of her daughter Mary E. Schiller, deceased wife of O. A. Fairex, attached to her portion of her daughter's succession, subject to her debts; that it affected the mortgageable property to the extent of the *residuum*.

2. That the amount of the indebtedness of Mrs. J. B. Schiller to the succession of her daughter Mary E. Schiller at the date of her compromise between O. A. Fairex and Mrs. Schiller, August 7, 1888, if any, be ascertained and fixed by this court, and the *residuum*, if any, be legally established.

3. That it did not appear on the face of the papers that the judgment by default rendered November 8, 1881, in favor of Mary E. Schiller against Mrs. J. B. Schiller was a consent judgment and was without consideration. That the right of both plaintiff and defendant were reserved, the former to attack and the latter to present all legal pleas in defence of this judgment. 46 An. 1022; R. R. Co. vs. Fairex, 46 An. 1040.

In the amended petition filed as before stated, plaintiff attacked the judgment by default dated November 8, 1881, obtained by Mrs. Fairex against her mother for the sum of thirty thousand dollars.

The judgment of the District Court, on the second trial, was for the plaintiff. The defendant appeals.

At his death in 1869, the late J. B. Schiller left a valuable succession.

No accounts were filed; the estate seems to have been settled in an extra judicial manner; each heir and the widow in community receiving cash and other property.

In January, 1881, his heirs obtained a judgment against their mother; (the widow of J. B. Schiller) for an account and for a liquidation and partition of the succession.

In April of that year, without fixing the amount of her indebtedness to her children, she transferred to them property in partial settlement of an unstated amount due.

From the facts appearing of record in the succession of J. B. Schiller, it is reasonable to infer that Mrs. Schiller was indebted in some amount to her daughter at the time that the latter obtained a judgment against her mother for thirty thousand dollars. It may be that this was un exaggerated amount.

The property inherited by the mother, Mrs. Schiller, and the other heirs of her late daughter, Mrs. Fairex, was community property as long as the property remained undivided (C. C. 936, 1214; Succession of Tureaud vs. Gex, 21 An. 255), and in that situation plaintiff's mortgage attached on the undivided share of the immovables of the succession, when accepted, subject to a liquidation and settlement. Succession of Widow Tureaud vs. Gex, 21 An. 253, 255.

A similar principle is announced in Union Bank vs. Marin, 3 An. 34-36; also in Succession of Dejean, 5 An. 593; Neal vs. Lapleine, 48 An. —, and recently in Newman vs. Cooper, 46 An. 1494. In fixing the amount of the *residuum* it is urged by the plaintiff that the

judgment of thirty thousand dollars obtained in 1881 is *res inter alios acta*, and that in addition it is a nullity, as it does not show upon the face of the papers that any evidence was introduced. This must be granted; at the same time the defendant is entitled to prove *aliunde* the amount of the indebtedness of the tutrix to her ward.

To this end the inventory of the succession of J. B. Schiller was introduced in evidence, sales made by Mrs. Schiller as executrix and accounts filed by her and approved by the court.

They are, at least, *prima facie* evidence of an amount due.

The inventory was duly taken and approved; it was, at least, the commencement of proof; the subsequent proceedings support its correctness as *prima facie* evidence, although a third person is not bound by proceedings to which he was not a party; the case is different when a creditor seeks to prove that a *residuum* is due to his debtor, as here.

The rule *res inter alios acta* does not apply for the reason that at the date of these proceedings the plaintiff was not a creditor.

In the second place, property has been disposed of and title given defendant for their validity upon these proceedings. *Ex necessitate* his relations to the proceedings were similar to those of the heir.

In a moment we will see that in a compromise the defendant has chosen to fix the value of his mother-in-law's interest in the succession of the property, which must, under the circumstances of this case, serve as a basis for settlement.

The facts on this point may make this case *sui generis*.

After the death of defendant's wife, in 1887, an inventory was taken of the property of her succession, showing assets to the amount of fifteen thousand two hundred and sixty-nine dollars. The surviving mother, as forced heir, was entitled to one-third of this amount.

In a suit brought by Mrs. J. B. Schiller and her two daughters, sisters of defendant's late wife, to annul the will of Mrs. Fairex made by her in favor of her husband, the defendants allege grounds, if true, that would have been sufficient to annul the will of Mrs. Fairex in favor of her husband.

In act of compromise of August, 1888, it is declared:

"The said Octavia A. Fairex shall pay to the said Mrs. Caroline M. Schiller, wife of Robert T. Henley; Mrs. Ophelia M. Schiller, wife of William H. Rolling, and Mrs. Margaret Emma St. Pierre,

widow of the late John B. Schiller, the sum of thirty-five hundred dollars cash" for their interest in the assets of the "succession of the late Mrs. Mary Emma Schiller, wife of Octave A. Fairex, whether as legal or an instituted heir, and more especially the real property inventoried described as follows:"

It being a common sale on the part of the vendors, and the interest of the mother being one-third, presumably one-third of the amount was paid to her for her interest.

The vendors joined in one contract to sell an equal interest. In the absence of evidence to the contrary, it is fair to infer that each received an equal amount of the price.

"When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors." C. C. 2080. We do not presume that she received more than one-third, the amount of her inheritance. If there is doubt upon the subject, the maxim would apply: *In dubiis semper quod minimum est sequimur—i. e.*, in case of doubt the conclusion should be, in *favorem solutione* in the sense the least onerous to the obligor.

This was the value fixed by the defendant himself. It was not the sale of particular succession property, but the transfer of an interest in the succession at a stipulated price. The purchaser, as to the value, is bound by the price in the absence of any testimony offered, with the view of proving that other consideration than that expressed entered into the contract. *Nemo contra factum suum venire potest.*

As to the remainder claimed by the plaintiff, after having allowed the price paid to Mrs. Schiller, the judgment for thirty thousand dollars was obtained many years (prior to the judgment of the plaintiff), fixing at the time the amount of the indebtedness of Mrs. Schiller. The documents in evidence prove that a large amount was due. The interested parties, at a time not suspicious, fixed the value of that interest, and, to the end of compromising, settled for a less amount than the judgment.

Presumably the mother was entitled to the amount—*i. e.*, one-third of the price paid for the *residue.*

Having taken the declarations contained in the deed in fixing the responsibility of the defendant, it is but fair that the estimate placed upon the property should be accepted as correct. The declaration must be taken in its entirety; it can not in justice be divided.

Moreover. we would not be justified in these proceedings, were we to declare the compromise null and void in decreeing that the property be sold.

May it not be suggested that the well-known maxim applies, *Interest reipublicæ ut sit finis litium?*

Another decree again remanding the case for a partition would not, it seems to us, serve the interest of any one.

In view of the fact that a compromise has fixed an amount and effected a partition, we think it should remain as fixed and the partition as effected.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount of the judgment as against the defendant only, from the amount of the judgment of thirty-five hundred dollars to the sum of eleven hundred and sixty-six dollars and sixty-six cents, with five per cent. interest thereon from 2d day of August, 1888. As amended the judgment appealed from is affirmed, at appellee's costs.

## ON APPLICATION FOR REHEARING.

It is a well settled rule that the burden of proof lies on the person who wishes to support his case by particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant.

No attempt was made by oral testimony to explain the character of the compromise or to show that the least error was committed in writing down the declarations of the parties. If there is ambiguity or any declaration in the deed at all, misleading, it devolved upon the defendant to become a witness and at least endeavor to explain.

We would not be justified in assuming that it was not the sale of the *residuum* of the daughter's succession to the son-in-law, but that it was a donation, under the guise of a sale. The court is not assuming an unknown fact in stating that sons-in-law are not prone to make donations to their mothers-in-law, when compromising with them, conflicting claims and putting an end to lawsuits. The amount was not referred to in the deed of compromise as a donation, but as the price paid for the remaining assets of the succession.

Rehearing refused.